| DISTRICT COURT, EL PASO COUNTY, COLORADO<br><br>Court Address:<br>270 S. Tejon Street<br>Colorado Springs, CO 80903<br>Telephone: (719) 452-5000 | DATE FILED: May 4, 2018 11:50 AM<br>FILING ID: 63DB167EA17D3<br>CASE NUMBER: 2018CV31095 |
|---|---|
| Plaintiff:   GARY FAVER<br><br>v.<br><br>Defendant:   ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation | ▲COURT USE ONLY▲ |
| Attorney for Plaintiff<br>Patric J. LeHouillier, #7984<br>Franklin D. Azar & Associates, P.C.<br>5536 Library Lane<br>Colorado Springs, CO 80918<br>Phone Number:  (719)527-8000<br>Fax Number:     (719) 550-3926<br>E-Mail:  lehouillierp@fdazar.com | Case Number:<br><br>Division: |
| **COMPLAINT** | |

Comes now the Plaintiff, Gary Faver, by and through his attorneys, Franklin D. Azar & Associates P.C., and submits the following for his Complaint:

## I JURISDICTION AND VENUE

1. Plaintiff Gary Faver is a resident of El Paso County. His residence address is 129 Judson Street, Colorado Springs, Colorado 80911.

2. Defendant Allstate Fire and Casualty Insurance Company ("Allstate") is an Illinois corporation. It is an insurance company authorized to do business in the state of Colorado.

3. This action is for breach of contract, bad faith breach of contract and statutory unreasonable delay. All of the actions which gave rise to this Complaint occurred via correspondence and telephonic communication which either emanated from or were directed to individuals in El Paso County. Venue appropriately lies in El Paso County per Rule 98(c) of the Colorado Rules of Civil Procedure.

EXHIBIT A

## II GENERAL ALLEGATIONS

4.     This case arises out of the Defendant's failure to pay underinsured motorist coverage benefits pursuant to an automobile policy.

5.     Plaintiff Gary Faver was injured in a motor vehicle collision which occurred on March 29, 2017.

6.     The crash occurred near the intersection of Main Street and Security Boulevard in Colorado Springs.  The Plaintiff was driving eastbound on Main Street.  Ricardo Ornela was leaving the 7-11 parking lot at the corner making a left turn onto Main Street.  As he was making his left turn, Mr. Ornela crashed into the front of Plaintiff's truck.

7.     Mr. Ornela was intoxicated at the time of the crash.  He failed to yield the right-of-way.  He drove recklessly and carelessly.  It was Mr. Ornela's negligence which resulted in the crash.

8.     A copy of the police report is attached as Exhibit A.

9.     Plaintiff Gary Faver was taken from the scene of the crash by ambulance to Memorial Hospital.  He sustained multiple injuries, primarily to his low back.

10.    Plaintiff Gary Faver incurred damages and losses associated with his injuries including medical and hospital expenses, loss of earnings and earning capacity, great pain and suffering and a loss of enjoyment of life.

11.    With respect to his earnings, Mr. Faver, who is a roofing contractor, had to hire an employee to do manual labor which the Plaintiff would have done himself but for his injuries.

12.    Plaintiff's injuries have left him permanently impaired.  His damages and losses will continue, to some extent at least, throughout the balance of his life.

13.    At the time of the collision, Mr. Ornela was insured by Permanent General Assurance Company.  He had bodily injury liability limits of $25,000.00 per person.

14.    In November of 2017, Plaintiff settled with Mr. Ornela's insurance company for the policy limits of $25,000.00.

15.     Prior to finalizing the settlement, Plaintiff sought and received Defendant Allstate's permission to settle with Mr. Ornela and his insurance company for Mr. Ornela's policy limits of $25,000.00.

16.     At the time of the collision, Plaintiff Gary Faver was insured by an automobile policy with Allstate Insurance Company.  The Allstate policy included underinsured motorist coverage with limits of $100,000.00 per person.

17.     Plaintiff made a claim with Allstate to recover underinsured motorist benefits.

18.     Despite the fact that Plaintiff has special damages in excess of $35,000.00, Allstate offered only $2,000.00 to resolve the underinsured motorist claim.

19.     Allstate never made a *Fisher* payment to its insured.

### III FIRST CLAIM FOR RELIEF
### BREACH OF CONTRACT

20.     Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 19 of this Complaint.

21.     Defendant Allstate has breached its insurance policy contract to Plaintiff.

22.     Moreover, Defendant Allstate has failed to adhere to its statutory obligations as construed in *Fisher v. State Farm*, 13CA2361; Allstate has not paid undisputed amounts including the medical expenses and loss of earnings sustained by Mr. Faver.

23.     Plaintiff has incurred injuries, damages and losses as a consequence of the Defendant's breach of its contractual obligation to him.

### IV SECOND CLAIM FOR RELIEF
### STATUTORY BAD FAITH CLAIM UNDER § 10-3-1115 AND 10-3-1116
### AGAINST DEFENDANT ALLSTATE FIRE AND CASUALTY
### INSURANCE COMPANY

24.     Plaintiff reiterates as though restated in full, those allegations set forth in paragrahs 1 through 23 of this Complaint.

3

25.     Defendant Allstate has denied and/or delayed payment of benefits to Plaintiff Faver without a reasonable basis for doing so.

26.     Defendant Allstate's unreasonable position and conduct has caused Plaintiff damage by the loss of the compensation that is due to him and which Defendant Allstate should have previously paid to Plaintiff.

27.     In accordance with C.R.S. §10-3-1116, Plaintiff is entitled to recover twice the covered benefits under the policy, plus reasonable attorney's fees and court costs from Defendant Allstate.

28.     Defendant Allstate's actions and omissions have been perpetrated with wanton and willful disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined by a jury.

## V THIRD CLAIM FOR RELIEF
## COMMON LAW INSURANCE BAD FAITH AGAINST DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

29.     Plaintiff reiterates as though restated in full, those allegations set forth in paragraphs 1 through 28 of this Complaint.

30.     Defendant Allstate owed Plaintiff a duty to act in good faith in reviewing, adjusting, and settling his claims.

31.     Defendant Allstate breached its duties to its insured, and acted in bad faith, through its conduct as described above. Specific instances of Defendant Allstate's bad faith include, but are not limited to, the following actions and omissions:

   a. Compelling Plaintiff to institute litigation to recover benefits owed under the underinsured motorist bodily injury benefits afforded to him by the insurance policy;

   b. Favoring the interests of Defendant Allstate, an insurer, over those of Plaintiff, the insured, to whom Allstate owes fiduciary and statutory duties;

    c. Refusing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff suffered at the hands of an underinsured motorist;

    d. Incompetently evaluating Plaintiff's claims.

32. Defendant Allstate's actions have been unreasonable.

33. Defendant Allstate knew its conduct was unreasonable, and/or disregarded the fact that its conduct was unreasonable.

34. Defendant Allstate's breaches of its duties to Plaintiff, its insured, have caused him to suffer damages including, but not limited to, the following:

    e. Being forced to incur additional costs in litigation;

    f. Enduring emotional trauma of being unnecessarily involved in a lawsuit with Allstate;

    g. Being deprived of the use of funds owed to Plaintiff which should have been paid by now, and his credit impaired by debt collection.

35. Defendant Allstate's actions and omissions have been perpetrated with wanton and willful disregard for Plaintiff's rights and well-being, thereby entitling Plaintiff to an award of punitive and exemplary damages in an amount to be determined by a jury.

    WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant and in his favor for all damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, attorney's fees, statutory treble damages, punitive and exemplary damages, and for such other and further relief as this Court deems proper.

    Respectfully submitted this 4th day of May, 2018.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
*Pursuant to C.R.C.P. 121 § 1-29(9), original is duly signed and on file at the office of Franklin D. Azar & Associates, P.C., and will be made available for inspection by other parties of the Court upon request.*

*s/Patric J. LeHouillier*
Patric J. LeHouillier, #7984
ATTORNEY FOR PLAINTIFF

**Plaintiff's Address:**
**129 Judson Street**
**Colorado Springs, CO  80911**